FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 24 2011
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
ANATOLIS FOMINAS,

                  Plaintiff,

          - against -

ERIC T. SCHNEIDERMAN, Attorney
General,

                  Defendant.
------------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

11 Civ. 4568 (BMC)

**COGAN**, District Judge.

      On September 21, 2011, I ordered petitioner to show cause why his habeas corpus petition under 28 U.S.C. § 2254 should not be dismissed as untimely. See Docket Entry No. 4. I pointed out that petitioner's conviction became final on November 25, 1985 and that the petition appeared to be untimely under the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA") (codified at 28 U.S.C. § 2244(d)). See Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998). I invited petitioner to demonstrate any grounds for equitable tolling.

      Petitioner has now responded, claiming that equitable tolling is appropriate here for three reasons. First, petitioner argues that he was promised an early release from prison because of his work with the FBI and others and that those promises were never fulfilled.[1] Second, petitioner claims that prison officials twice lost his "legal work" – once in 1993 and once in 2009 – and that, while he was helping the FBI, he did not have access to his legal work for two years.

---

[1] According to petitioner, he worked with the FBI from July 12, 1993 through the present date and, because of his assistance, unnamed individuals were indicted and convicted for their involvement in the World Trade Center bombing.



Finally, petitioner annexed a Mandate issued by the Second Circuit, see Docket Entry No. 6, which he claims authorizes him to file the instant petition.

For AEDPA's one-year statute of limitations to be equitably tolled, petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). None of petitioner's three points meet this standard.

First, even if I were to accept petitioner's claim that someone promised him an early release from prison in exchange for his help in investigating and prosecuting individuals involved in the World Trade Center bombing, the mere fact that the promise was never fulfilled does not entitle petitioner to equitable tolling. Notably, petitioner does not explain how the allegedly broken promise prevented him from timely filing the instant petition. Thus, it cannot be said that petitioner diligently pursued his rights or that the unidentified government officials promise constituted an extraordinary circumstance that prevented petitioner from timely filing his petition. In any event, I reject this portion of petitioner's affirmation because it is unsupported and incredible. See Puglisi v. United States, 586 F.3d 209, 215-16 (2d Cir. 2009).

Second, petitioner does not explain what "legal work" was lost in 1993, nor does he explain why he was unable to file his § 2254 petition without that legal work. In addition, petitioner does not detail the steps he took to recover his lost work or when and how he was able to recover that work. He therefore fails to show that he diligently pursued his rights. Moreover, prison officials losing petitioner's legal work, without more, would not qualify as an extraordinary circumstance for tolling purposes.

Finally, petitioner's argument based on the Second Circuit's prior Mandate is misplaced. Petitioner filed a previous § 2254 petition in the Northern District of New York. See Petition for

Writ of Habeas Corpus, Fominas v. Walker, No. 96-cv-1625 (N.D.N.Y. Oct. 7, 1996), ECF No. 1. Petitioner's previous § 2254 petition was premised on his alleged cooperation with the FBI (discussed above).[2] Petitioner claimed that the government failed to follow through on its promise to put him into the Federal Witness Protection Program and that his life was in danger as a result. He did not challenge his conviction or his sentence; rather, he asked to be "transfer[ed] to another prison where it is safe." Id. at *5.

The court denied the petition because "[a] § 1983 action is [the] proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life." Id. at ECF. No.3, at *3 (internal quotation marks omitted). Petitioner appealed. On June 26, 1997, the Second Circuit issued a Mandate denying petitioner a certificate of appealability and noting the following: "To the extent that appellant's petition requested release from prison, he may bring any such claim in a future habeas corpus petition once he has properly exhausted his state court remedies."[3]

There is nothing to suggest that the Second Circuit's Mandate constituted an extraordinary circumstance that prevented petitioner from timely filing the current petition. The Court merely informed petitioner of the proper steps he would have to take before he could challenge his confinement in federal court. In any event, even assuming the Mandate did constitute an extraordinary circumstance, petitioner fails to point to any facts showing that he

---

[2] It bears noting that petitioner also filed a civil rights action alleging that prison guards retaliated against him for testifying in the World Trade Center bombing trial. See Fominas v. McCarthy, No. 97-2240, 1998 U.S. App. LEXIS 29431 (2d Cir. Nov. 13, 1998) (summary order). The district court dismissed the complaint because, *inter alia*, petitioner failed to allege that the named defendants were directly involved in the alleged retaliatory acts. The Second Circuit affirmed.

[3] Because the court ruled that petitioner's initial § 2254 petition should have been brought as a § 1983 claim, its denial of the petition was not "on the merits." See Leamer v. Fauver, 288 F.3d 532, 544 (3d Cir. 2002) (holding that a "prison confinement action" that would not "require sooner release" is "not . . . properly brought under habeas at all"); see also Dickerson v. Diguglielmo, 306 F. App'x 707, 708 (3d Cir. 2009) (per curiam). Accordingly, the instant § 2254 petition is not a "second or successive" petition. See Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998) ("Generally, a § 2255 petition is 'second or successive' if a prior § 2255 petition, raising claims regarding the same conviction or sentence, has been decided on the merits.").

diligently pursued his rights. To the contrary, petitioner did not subsequently challenge his conviction until he filed his § 440 motion in state court on December 23, 2008, over 10 years after the Court issued its Mandate.

Petitioner has failed to demonstrate entitlement to equitable tolling of AEDPA's one-year statute of limitations. Accordingly, his petition is denied as untimely and the case is dismissed. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962). The Clerk of the Court is directed to mail a copy of this Order to petitioner *pro se*.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
       October 21, 2011